UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jasmine Wad, | ) | No. 10 Cv- |
|    Plaintiff, | ) | Honorable Judge |
| | ) | |
| v. | ) | |
| North Shore Number 112 School District, a | ) | |
| body politic, | ) | |
|    Defendant. | ) | Jury Trial demanded |

**COMPLAINT UNDER TITLE VII OF CIVIL RIGHTS ACT OF 1964 (RACE-BASED DISCRIMINATION IN EMPLOYMENT)**

Plaintiff complains of the Defendant as follows:

1. Jurisdiction of this case is based upon Federal question, as Plaintiff claims redress for national origin-based employment discrimination based upon Title VII of the Civil Rights Act of 1964, Title 42 USC Section 2000e *et seq*.

2. Venue is proper in this Court as the cause of action arose and all acts complained of herein transpired in the County of Cook, State of Illinois, within the geographic expanse of this Court.

3. At all times relevant to this Complaint, Plaintiff was employed as a school teacher within the Defendant North Shore Number 112 School District, a body politic. Plaintiff is Black or African-American race, and as such is a member of a racial minority.

4. At all times relevant to this Complaint, the Defendant's agents and employees

have engaged and continue to engage in a pattern and practice of race-based discrimination in the Plaintiffs' employment, which has been purposefully directed to preventing Plaintiff from gaining tenure and full-time consistent employment year after year, despite the Defendant's demand for bilingual and foreign language teachers.

5. Defendant specifically hired Plaintiff as a full-time teacher for the 2002-2003 school year, terminated Plaintiff at the conclusion of that year, then rehired her for the succeeding four school years (including and ending with the 2006-2007 school year) as a half-time Teacher's Aide.

6. Defendant hired Plaintiff as a full-time teacher for the school years 2007-2008 2008-2009 and 2009-2010, ultimately terminating Plaintiff in April, 2010.

7. During the same time period, Defendant has hired numerous teachers on a full-time basis, including primarily Caucasian or non-Black teachers. The teachers hired generally have professional credentials and qualifications comparable to Plaintiff's credentials and qualifications.

8. Upon information and belief, Defendant engaged in this practice for the purpose of defeating Plaintiff's chances of obtaining tenure as a teacher within the Defendant North Shore Number 112 School District.

9. Upon information and belief, Defendant engaged in this practice for the purpose of hiring, retaining and promoting Caucasian or non-Black teachers, while bypassing Plaintiff for those same opportunities.

10. Defendant's actions and omissions set forth above have caused damage to Plaintiff in loss of income, loss of opportunities for professional growth and development, humiliation, emotional trauma, mental anguish, decreased morale and productivity, humiliation, emotional distress and suffering and ongoing diminution of earning capacity in the future.

11.     Plaintiff enjoys a right of redress for her damages against Defendant under Title VII of the Civil Rights Act of 1964, Title 42 USC Section 2000e *et seq*.

12.     Plaintiff filed on about August 4, 2009 a charge with the Equal Employment Opportunity Commission ("EEOC") detailing these claims, which charge was docketed as EEOC Charge No. 440-2009-06119.  (A copy of the EEOC Charge of Plaintiff is attached as Exhibit 1 and made a part of this Amended Complaint).

13.     Plaintiff received from the EEOC on about February 27, 2010 a Right-To-Sue letter issued by the EEOC to Plaintiff.  Said Right-To-Sue Letter disposed of the charge within the EEOC without settlement or final, binding disposition, affording Plaintiff the right to sue in this Court on the claim set forth in the charge.  (A copy of the EEOC Right-To-Sue letter to Plaintiff is attached as Exhibit 2 and made a part of this Amended Complaint).

Wherefore, Plaintiff Jasmine Wad respectfully requests that she be awarded judgment in a sum in excess of $75,000.00 against Defendants North Shore Number 112 School District, a body politic, plus costs and such further relief as the Court deems just.   Plaintiff demands trial by jury.

                                Respectfully submitted,

                                Jasmine Wad,

                                By:_____/S/_____

Michael J. Greco, Attorney at Law            Michael J. Greco
Attorney for Plaintiff                                  Attorney for Plaintiff
70 W. Hubbard Street, Suite 302
Chicago, Illinois  60654
312 222-0599
Attorney No. 06201254